UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

HENRY T. LIGGINS,

    Petitioner,

v.                                       Case No. 2:14-CV-120

CATHERINE S. BAUMAN,            HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 5, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court dismiss Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). (R & R at 3–5.) The magistrate judge also concluded that Petitioner failed to put forth any facts demonstrating that he is entitled to equitable tolling. (*Id.* at 5.) Finally, the magistrate judge concluded that Petitioner has failed to provide evidence of actual innocence. (*Id.* at 6.)

Petitioner failed to file Objections to the R & R in this Court. Instead, at some point prior to December 1, 2014, Petitioner filed a document titled "Notice of Appeal for Certificate of Appealability, for Immediate Discharge Release from Prison of Michigan Department of Corrections of Denied Report and Recommendation Dated November 5, 2014," with the Sixth Circuit. Thereafter, the Sixth Circuit forwarded Petitioner's Notice, along with an affidavit of indigency that Petitioner had filed, to this Court. Having reviewed Petitioner's Notice, this Court construed it as Objections to the R & R and instructed the Clerk to docket it as such.

After conducting a *de novo* review of the R & R, as well as Petitioner's Objections, the Court concludes that the R & R should be adopted.

The Court has reviewed Petitioner's Objections in detail but has failed to find any valid basis to conclude that the R & R should be rejected. The Objection is rambling and difficult to understand. Even affording the Objection a liberal reading, the Court cannot ascertain any basis to conclude that Petitioner is entitled to equitable tolling or that Petitioner has met the difficult standard required of actual innocence claims. Therefore, the Court will adopt the R & R and dismiss the petition as untimely.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 5, 2014 (dkt. # 15) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is DENIED.

This case is **concluded**.

A separate judgment will issue.


Dated: December 11, 2014              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE